Sun v. Sessions

BIA
Vomacka, IJ
A205 240 764

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

BINGYAO SUN,
> *Petitioner,*

v.                                          16-1818

                                            NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Hui Chen, Law Offices of Hui Chen & Associates, P.C., Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bingyao Sun, a native and citizen of the People's Republic of China, seeks review of a May 10, 2016, decision of the BIA affirming a February 25, 2015, decision of an Immigration Judge ("IJ") denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bingyao Sun,* No. A205 240 764 (B.I.A. May 10, 2016), *aff'g* No. A205 240 764 (Immig. Ct. N.Y. City Feb. 25, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA (i.e., minus the adverse credibility determination and alternative burden denial on which the BIA declined to rely). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant for asylum and withholding of removal must establish that her past persecution or fear of future persecution is *on account of* her race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b); *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010) (explaining that the burden is on the alien "to establish a sufficiently strong nexus to . . . [a] protected ground"). "The protected ground need not be the sole motive," *Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008) (internal quotation marks omitted), and an individual persecuted for multiple reasons is a refugee as long as "one central reason" is a protected ground, 8 U.S.C. § 1158(b)(1)(B)(i).

"To establish persecution on account of a political opinion, an . . . applicant must show that the persecution arises from his or her own actual or imputed political opinion." *Koudriachova v. Gonzales*, 490 F.3d 255, 263 (2d Cir. 2007). "[O]pposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Castro*, 597 F.3d at 100-01 (quoting *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005)). "In

3

considering whether opposition to corruption constitutes a political opinion, the important questions . . . are whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to isolated, aberrational acts of greed or malfeasance." *Id.* at 101 (internal quotation marks omitted).

Here, the agency reasonably denied asylum and withholding of removal on the ground that Sun's complaints about her sexual assault were self-interested and did not reflect an anticorruption political opinion. *See id.* at 100-01; *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Sun testified that she pursued her complaints because she wanted to hold her employer and the government official who had assaulted her accountable, not because she wished to expose corruption. She did not organize others to take a stand against official corruption or "under[take] to vindicate the rights of numerous other persons." *See Yueqing Zhang*, 426 F.3d at 547 (finding nexus to political opinion where

4

petitioner organized other business owners to "publicize and criticize endemic corruption extending beyond his own case"); *Ruqiang Yu v. Holder*, 693 F.3d 294, 299 (2d Cir. 2012) (finding nexus where petitioner intervened on behalf of fellow workers to protest state-sponsored wage theft).  And there is no evidence that Sun took any public stance against corruption—only that she filed complaints regarding her own assault.  The agency therefore did not err in finding that Sun was opposing an "isolated, aberrational act[]" of violence rather than "the legitimacy or authority of the ruling regime." *See Castro*, 597 F.3d at 100-01; *Siewe*, 480 F.3d at 167.

Sun also argues that she established persecution or a well-founded fear of future persecution on account of an imputed political opinion; however, she fails to identify any record evidence suggesting that a political opinion was imputed to her. The agency also reasonably determined that the reason she was threatened with arrest for illegally spreading Christianity was to suppress her complaints against the government official, not because of any actual or imputed religious beliefs.  *See Castro*, 597 F.3d at 100-01; *Siewe*, 480 F.3d at 167.  Sun's own statement is that the proselytizing charge was threatened to obtain her silence after she made a report to the Bureau for

5

Letters and Calls.  Finally, the agency reasonably found that the closure of her mother's seafood business was not related to Sun's complaints: Sun admitted that she did not know why the store was shut down and that she had no evidence that it was closed by the government official who had assaulted her.

Because Sun failed to demonstrate that her actions "transcend[ed] mere self-protection" and expressed an anticorruption political opinion, she could not show that a protected ground was at least "one central reason" for her claimed past persecution or fear of future persecution, and the agency did not err in denying asylum and withholding of removal on this ground.  8 U.S.C. § 1158(b)(1)(B)(i); *Castro*, 597 F.3d at 100-01.

Sun also argues that the agency erred in denying CAT relief. For CAT relief, Sun was required to demonstrate that she likely will be tortured by or with the acquiescence of Chinese government officials.  8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004).  Sun argues that she satisfied her burden because the Chinese government abuses the legal system to target and punish political dissidents.  As discussed above, however, Sun failed to establish that she would be viewed as a political dissident

6

opposing government corruption.  Her oppositional activities were limited to filing complaints about her own sexual assault, and there is no evidence that the government official or police officers perceived her to be threatening to expose systematic corruption in the Chinese government.  Further, the agency reasonably observed that Sun suffered no harm in the 2.5 months she stayed in China after reporting her assault.  The agency did not err in denying CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7